Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000899
01-MAR-2016
08:16 AM

NO. CAAP-15-0000899

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Petitioner-Appellee, v.
WINDYCESLAU D. LORENZO, aka KAMEHAMEHA VI, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 15-1-0238)

ORDER
DISMISSING APPELLATE COURT CASE NUMBER
CAAP-15-0000899 FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over Respondent-Appellant Windyceslau D. Lorenzo, aka Kamehameha VI's (Appellant Lorenzo) appeal from the Honorable Virginia Lea Crandall's October 22, 2015 order granting Petitioner-Appellee State of Hawaii's (the State) petition for an order expunging certain recorded instruments in S.P. No. 15-1-0238 VLC, because the circuit court has not yet reduced the October 22, 2015 interlocutory order to a separate

judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees in circuit court civil cases. Appeals under HRS § 641-1 "shall be taken in the manner . . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." "An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Therefore, although the October 22, 2015 order appears to resolve all claims against all parties, it will not be eligible for appellate review until the circuit court reduces it to a separate judgment in favor of and against the appropriate parties as to all claims.

When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

<u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338 (citation omitted; original emphasis). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." <u>Alford v. City and Count of Honolulu</u>, 109 Hawaiʻi 14, 20, 122 P.3d 809, 815 (2005) (citation omitted). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins</u>, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted).

On December 17, 2015, the circuit court clerk filed the record on appeal in CAAP-15-0000899, which does not contain a final judgment on all of the claims. Although exceptions to the final judgment requirement exist under the doctrine in <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848) (the <u>Forgay</u> doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2015), the October 22, 2015 order does not satisfy the requirements for appealability under the <u>Forgay</u> doctrine, the collateral order doctrine, or HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order

doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment on all of the parties' claims in this case, we lack appellate jurisdiction, and Appellant Lorenzo's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000899 is dismissed.

IT IS FURTHER HEREBY ORDERED that all pending motions herein are dismissed as moot.

DATED: Honolulu, Hawai'i, March 1, 2016.


Presiding Judge


Associate Judge


Associate Judge